

David A. Koenigsberg (DK 7553)
Menz, Bonner & Komar LLP
Two Grand Central Tower
140 East 45th Street, 20th Floor
New York, New York   10017-7115
Tel.: (212) 223-2100
*Attorneys for Relator*

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------x

|  |  |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.* MATHEW I. GELFAND, M.D. and STATE OF NEW YORK *ex rel.* MATHEW I. GELFAND, M.D., | : : : |
| Plaintiffs, | : |
| -v- | : |
| SPECIAL CARE HOSPITAL MANAGEMENT CORP., LONG BEACH MEDICAL CENTER, ST. VINCENT'S MIDTOWN HOSPITAL f/k/a ST. CLARE'S HOSPITAL & HEALTH CENTER, ST. VINCENT'S CATHOLIC MEDICAL CENTER -MARY IMMACULATE HOSPITAL, BRUNSWICK HOSPITAL CENTER, INC., EASTERN LONG ISLAND HOSPITAL, PARKWAY HOSPITAL, PALISADES MEDICAL CENTER, SILVER CROSS HOSPITAL, TOUCHETTE HOSPITAL, ST. MARY OF NAZARETH HOSPITAL CENTER and JOHN DOES 1-100, | : : : : : : : |
| Defendants. | : |

-------------------------------------------------------------x

**FILED UNDER SEAL**
**Pursuant to 31 U.S.C.**
**§ 3730(b)(2) and N.Y.**
**State Finance Law § 190(2)(b)**

CV-02-6079 (LDW)

**CORRECTED SECOND**
**AMENDED COMPLAINT**
**JURY TRIAL DEMANDED**

## Introduction

Relator-Plaintiff Mathew I. Gelfand, M.D. ("Relator"), through his attorneys,

makes this Second Amended Complaint and Demand For Jury Trial under seal, against Special

Care Hospital Management Corp. ("Special Care"), Long Beach Medical Center ("Long

Beach"), St. Vincent's Midtown Hospital f/k/a St. Clare's Hospital & Health Center ("St.

Clare's"),  St. Vincent's Catholic Medical Centers-Mary Immaculate  Hospital ("Mary

Immaculate"), Brunswick Hospital Center, Inc. ("Brunswick"), Eastern Long Island Hospital,

Long Island ("Eastern"), Parkway Hospital ("Parkway"), Palisades Medical Center ("Palisades"),

Silver Cross Hospital ("Silver Cross"), Touchette Hospital ("Touchette"), St. Mary of Nazareth

Hospital Center ("St. Mary") and John Does 1-100 (referred to herein collectively as

"Defendants"). The hospitals are herein collectively referred to as the Hospital Defendants.

Relator alleges as follows:

## I. NATURE OF ACTION

1.      Relator brings this action on behalf of the United States against

Defendants for treble damages and civil penalties arising from the Defendants' violations of the

Federal Civil False Claims Act, Title 31, United States Code, Section §§ 3729-3732 (the "False

Claims Act" or "FCA") and on behalf of the State of New York for treble damages and civil

penalties arising from the Defendants' violations of the New York False Claims Act, N.Y. State

Finance Law §§ 187-194.

2.      In connection with the application for and receipt of Medicaid funds from

the States of New York, New Jersey and Illinois, and funds from the U.S. Government through

the Medicare and CHAMPUS/TRICARE programs, Defendants (a) knowingly presented, and

caused to be presented, to an officer or employee of the United States Government (the

"Government") and/or to an officer or agent of New York State (the "State")  false and

fraudulent claims for payment and approval; (b) knowingly made, used, and caused to be made

and used, false records and statements to get false and fraudulent claims paid and approved by

the Government and the State; and (c) conspired to defraud the Government and the State by

getting false and fraudulent claims allowed or paid, all in violation of Title 31, United States Code, §§ 3729(a)(1), (2) & (3) and N.Y. State Finance Law §§ 189(1)(a), (b) & (c).

3. More specifically, this action arises from Defendants' efforts to obtain Medicaid, Medicare and CHAMPUS/TRICARE funds through false and fraudulent claims and statements to various State and federal Government agencies receiving federal funds. Such false and fraudulent claims and statements concern, among other things:

(a) Payments of kickback fees by each of the Hospital Defendants, including Long Beach, St. Clare's, Mary Immaculate, Brunswick, Eastern, Parkway, Palisades, Silver Cross, Touchette, St. Mary and John Does 1-100 to Special Care for referrals of patients for admission to alcohol and substance abuse treatment programs at the respective hospitals;

(b) In the case of those defendant hospitals located in the State of New York, failing to comply with New York State Department of Health and New York State Office of Alcoholism and Substance Abuse Services ("OASAS") rules and regulations as necessary conditions for the payment of services by the New York Medicaid program, specifically, the anti-kickback regulations;

(c) Providing to employees of Special Care incentive payments based on the number of referrals they generated to the Hospital Defendants and other clients.

(d) Making false statements about the medical condition of patients at the Hospital Defendants in order to satisfy the minimum criteria for eligibility for Medicaid coverage of treatment in alcohol treatment programs.

(e) Operating at Long Beach, Brunswick, Eastern and Parkway in-patient drug detoxification programs without authorization from the Department of Health and OASAS,

- 3 -

and seeking reimbursement from Government funded health insurance programs for such services when such hospitals were not authorized to provide such services.

## II.  JURISDICTION

4.      This Court has subject matter jurisdiction over the claims alleged in this Amended Complaint under 28 U.S.C. § 1331 (Federal question), § 1345 (United States as plaintiff) and 31 U.S.C. § 3732(a) (False Claims Act).  This Court has supplemental jurisdiction over the claims asserted under state law pursuant to 28 U.S.C. § 1367(a).

5.      This Court has personal jurisdiction over the Defendants named in the Complaint pursuant to 31 U.S.C. § 3732(a), because at least one of the Defendants can be found, resides, and transacts business in the Eastern District of New York and because an act proscribed by 31 U.S.C. § 3729 occurred within this District.  Section 3732(a) further provides for nationwide service of process.

6.      This action is not jurisdictionally precluded by the public disclosure bar of the Federal False Claims Act, 31 U.S.C. § 3730(e)(4) and the New York False Claims Act, N.Y. State Finance Law § 190(9)(b).  Upon information and belief, there has been no "public disclosure" of the matters alleged herein and this action is not "based upon" any such disclosure. Notwithstanding the foregoing, through his attending privileges with defendant Long Beach and his interactions with various employees of the Defendants and other persons, Relator has "direct and independent knowledge" of the instant allegations.  Additionally, Relator has "voluntarily provided," and offered to provide, this information to the Government before the filing of this complaint.  Therefore, to the extent any of these allegations is deemed to have been based upon a public disclosure, Relator is an "original source" of this information within the meaning of the

- 4 -

Federal False Claims Act and the New York False Claims Act, and is expressly excepted from their public disclosure bar.

### III.   VENUE

7.      Venue is proper in the Eastern District of New York, under 28 U.S.C. §§ 1391(b) and (c), and 31 U.S.C. § 3732(a), because (a) the Defendants reside in this District, (b) a substantial part of the events or omissions giving rise to the violations of 31 U.S.C. § 3729 alleged in the Amended Complaint occurred in this District, and (c) because at least one of the Defendants can be found and transacts business within this District.

### IV.   PARTIES AND ENTITIES

8.      The United States and the State are the real parties in interest plaintiffs in this action. The Untied States provides no less than 50% of the funding for the Medicaid programs in the states of New York, New Jersey and Illinois. The United States provides 100% of the funding for the Medicare and CHAMPUS/TRICARE programs. The State provides 50% of the funding for the Medicaid program in New York State.

9.      Relator is a resident of New York State. He holds a medical degree and is board certified in internal medicine. For the last 30 years, he has been the director of an outpatient methadone maintenance clinic at Long Beach.

10.      Special Care is a Missouri corporation with its headquarters located at 4260 Shoreline Drive, Suite 150, St. Louis, Missouri 63045; telephone (314) 770-2212. Special Care operates or has operated "The New Vision Program" at each of the Hospital Defendants. The New Vision Program purports to be an emergency medical/surgical detoxification service for adults with drug and alcohol related problems.

11.     Long Beach Medical Center is located at 455 East Bay Drive, Long Beach, New York 11561.

12.     St. Clare's is located at 415 West 51st Street, New York, New York 10019.

13.     Mary Immaculate is located at 152-11 89th Avenue, Jamaica, New York 11432.

14.     Brunswick is located at 366 Broadway, Amityville, New York   11701.

15.     Eastern is located at 201 Manor Place, Greenport, New York 11944

16.     Parkway is located at 70-35 113th Street, Forest Hills, New York   11375 (defendants Long Beach, St. Clare's, Mary Immaculate, Brunswick, Eastern and Parkway are herein sometimes collectively referred to as the "N.Y. Hospital Defendants").

17.     Palisades is located at 7600 River Road, North Bergen, New Jersey 07047.

18.     Silver Cross is located at 1200 Maple Road, Joliet, Illinois  60432.

19.     Touchette is located at 5900 Bond Avenue, Centreville, Illinois  62207.

20.     St. Mary is located at 2233 West Division Street, Chicago, Illinois.

21.     John Does 1-100 are other health care institutions not known at this time which are located in New York State and other states where Special Care has entered into agreements to operate the New Vision Program to refer patients to such institutions in violation of federal and state anti-kickback laws, rules and regulations, as well as other applicable rules and regulations regarding the diagnosis and treatment of patients.  Defendants Long Beach, St. Clare's, Mary Immaculate, Brunswick, Eastern and Parkway are herein collectively referred to as the N.Y. Hospital Defendants.

- 6 -

## V.    **THE FALSE CLAIMS ACTS**

22.    The Federal False Claims Act provides, in pertinent part, that:

(a) Any person who . . . (1) knowingly presents, or causes to be presented, to an officer or employee of the United States Government . . . false or fraudulent claim for payment or approval; (2) knowingly makes, uses, or causes to be made or used, a false record or statement to get a false or fraudulent claim paid or approved by the Government; [or] (3) conspires to defraud the Government by getting a false or fraudulent claim allowed or paid;

\*\*\*

is liable to the United States Government for a civil penalty of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages which the Government sustains because of the act of that person . . . .

(b) For purposes of this section, the terms "knowing" and "knowingly" mean that a person, with respect to information . . . (1) has actual knowledge of the information; (2) acts in deliberate ignorance of the truth or falsity of the information; or (3) acts in reckless disregard of the truth or falsity of the information, and no proof of specific intent to defraud is required.

(c) For purposes of this section, "claim" includes any request or demand, whether under a contract or otherwise, for money or property which is made to a contractor, grantee or other recipient if the United States Government provides any portion of the money or property which is requested or demanded, or if the Government will reimburse such contractor, grantee, or other recipient for any portion of the money or property which is requested or demanded.

31 U.S.C. § 3729.

23.    The New York False Claims Act provides in pertinent part as follows:

1.    "Claim" means any request or demand . . . for money or property which is made to any employee, officer or agent of the state or a local government . . . if the state or a local government provides any portion of the money or property which is requested or demanded . . . .
2.    "False claim" means any claim which is, either in whole or party false or fraudulent.

- 7 -

3.    "Knowing and knowingly" menas that with respect to a claim, or information relating to a claim, a person: (a) has actual knowledge or such claim or information; (b) acts in deliberate ignorance of the truth or falsity or such claim or information; or (c) acts in reckless disregard of the truth or falsity or such claim or information.  Proof of specific intent to defraud is not required, provided, however, that acts occurring by mistake or as a result of mere negligence are not covered . . . .

(N.Y. State Finance Law § 188(1), (2) & (3)).

(a) Any person who . . . (1) knowingly presents, or causes to be presented, to an officer or employee or agent of the state or a local government . . . false or fraudulent claim for payment or approval; (2) knowingly makes, uses, or causes to be made or used, a false record or statement to get a false or fraudulent claim paid or approved by the state or a local government; [or] (3) conspires to defraud the state or a local government by getting a false or fraudulent claim allowed or paid;

***

shall be liable (i) to the state for a civil penalty of not less than six thousand dollars and not more than twelve thousand dollars, plus three times the amount of damages which the Government sustains because of the act of that person . . . .

(N.Y. State Finance Law § 189(1)(a), (b),(c), (i) & (ii)).

## VI.    DEFENDANTS' FRAUDULENT SCHEMES

### A.    PATIENT REFERRAL SCHEME

24.    Upon information and belief, beginning in or about 1999, Long Beach entered into an agreement whereby Special Care would operate The New Vision Program at Long Beach.  Special Care's New Vision Program purports to provide patients with hospital based drug and alcohol medical detoxification.  The New Vision Program further purports to provide discharge planning that will refer the patient to appropriate after care programs that will provide support and guidance to prevent relapses.

- 8 -

25.     Upon information and belief, The New Vision Program (the "Program")
begins with a medically supervised hospital stay which typically lasts three days. The Program
accepts payment from Medicaid, Medicare, CHAMPUS/TRICARE and private insurance plans.
The Program's detoxification service purports to provide qualified hospital personnel including a
medical director and nursing staff.  The patients admitted to Long Beach as part of the Program
were placed on the third floor of the Long Beach Medical Center and were not admitted to or
treated by the outpatient methadone treatment clinic run by Relator. The New Vision Program
was separate and apart from Long Beach's outpatient methadone maintenance program.

26.     In practice, however, The New Vision Program is in fact a facade for a
patient referral scheme that is designed to steer Medicaid eligible persons in need of drug or
alcohol detoxification services to Long Beach. Once a person is referred to Long Beach by
employees and representatives of Special Care, that person is often admitted for a three-day stay
and receives drug or alcohol detoxification services. The reason that the admission lasts for three
days is that the relevant New York Medicaid diagnosis related group ("DRG") for such treatment
provides for only a three night admission for such services.  The DRG codes for alcohol or drug
dependency treatment are 433, 434, 435, 436 and 437.  The DRG for a three-day admission for
drug or alcohol detoxification reimburses the admitting hospital for up to $5,000 per patient.

27.     Upon information and belief, a three-day admission for emergent medical
care for persons suffering incapacitation from the use of drugs such as heroin or other opiates or
alcohol or acute withdrawal symptoms is not enough time to enable a person to withdraw from
and stop using drugs or alcohol. Instead, in order to treat a person long enough to permit that

- 9 -

person to be cured of drug and alcohol addiction, several weeks of medical treatment and other therapies are required.

28.    Upon information and belief, The New Vision Program at Long Beach only treated persons for the three days paid for by the New York State Medicaid program. At the end of the three-day period, patients were discharged generally without any follow up treatment scheduled or provided. The type of treatment Long Beach provided to these patients generally was not medically appropriate.

29.    Upon information and belief, in order to supply patients to Long Beach, employees and representatives of Special Care visited train stations and other hospitals in the New York metropolitan region to find homeless persons and persons suffering from drug or alcohol abuse, verified if such persons were eligible for Medicaid coverage for the treatment of their conditions, then arranged for their transportation and admission to Long Beach.

30.    Payments made by Long Beach to Special Care for the operation of The New Vision Program constituted, in whole or in part, the payment of fees to Special Care for the referral of patients to Long Beach so that Long Beach could bill Government sponsored health insurance programs for such admissions.

31.    Upon information and belief, after accepting such patients into the Long Beach detoxification program, Long Beach submitted claims to be reimbursed by New York State's Medicaid program, Medicare and the CHAMPUS/TRICARE programs. Under Medicaid's reimbursement program, Long Beach typically received approximately $3,000 per patient admission.

- 10 -

operated at St. Clare's and the other Hospital Defendants in the same way that the Program operates at Long Beach. Special Care employees identify, transport and refer patients in need of drug and alcohol detoxification services to St. Clare's and the other Hospital Defendants in payment of fees to Special Care by the Hospital Defendants.

33.     This scheme constitutes a violation of the anti-kickback provision of the Social Security Act, 42 U.S.C. § 1320a-7b(b)(1)(A). With regard to the Hospital Defendants located in New York State, the conduct at issue violates the New York State anti-kickback statute, N.Y. Social Services Law § 366-d, and the rules and regulations of the New York State Department of Health.

34.     Upon information and belief, Special Care paid its employees on an incentive basis, such that their pay was dependent upon how many patients were referred to the treatment programs at Long Beach and the other Hospital Defendants. Such payments violated the federal and state anti-kickback statutes. 42 U.S.C. § 1320a-7b(b)(1)(A); N.Y. Social Services Law § 366-d.

35.     Upon information and belief Long Beach and the other Hospital Defendants submitted claims to Medicaid and other government funded programs for reimbursement for the patients treated in their detoxification programs who were recruited or transported to them by Special Care personnel.

## B.     BILLING FOR UNAUTHORIZED IN-PATIENT DRUG TREAMENT

36.     Long Beach receives an operating certificate from the Department of Health that defines the types of services that can be provided at Long Beach. Among the

- 11 -

Beach, St. Clare's, Brunswick and Parkway were not authorized to operate an in-patient drug detoxification program and thus were not eligible to be reimbursed by Medicaid for the treatment provided to such patients.

## C.   FALSE ADMISSIONS DIAGNOSES

41.     Upon information and belief, the patients referred to the Hospital Defendants as part of The New Vision Program are almost exclusively persons suffering from drug addiction, in particular heroin.  The admission diagnosis for such patients, however, is generally for alcohol related symptoms, not drug induced.  But, during the course of the hospital stay, many of the patients received methadone treatments and are discharged with a methadone prescription.   Thus, in order to qualify the treatment provided to such patients for reimbursement under the Medicaid program, Defendants caused false admissions diagnosis to be provided for such patients.

42.     The claims submitted by the Hospital Defendants to Medicaid and other government funded health insurance programs for the patients referred by The New Vision Program were false claims in that the admissions diagnoses falsely described the patients as suffering from acute alcohol related symptoms when in fact the patients were suffering from the effects of drug addiction as well as alcohol-related problems.

### FIRST CAUSE OF ACTION
### (31 U.S.C. §§ 3729(a)(1), (2) & (3))
### (All Defendants)

1.     Relator incorporates by reference paragraphs 1 through 42 of this Complaint, as if fully set forth herein.

2.     Defendants, in connection with the payment of referral fees for patients to be admitted to the Hospital Defendants' alcohol and substance abuse detoxification programs, beginning no later than 1999, to the date of this Complaint, have engaged in a continuous practice of:  (a) knowingly presenting, and causing to be presented, to an officer and employee of

- 13 -

the United States Government, false and fraudulent claims for payment and approval; (b) knowingly making, using, and causing to be made and used, false records and statements to get false and fraudulent claims paid and approved by the Government; and (c) conspiring to defraud the Government by getting false and fraudulent claims allowed or paid, in that Defendants made claims to the Medicaid programs in New York, New Jersey and Illinois and other Government funded health insurance programs for reimbursement for the treatment of patients referred to the Hospital Defendants as a result of the disguised illegal payments.  All in violation of 31 U.S.C. §§ 3729(a)(1), (2) and (3).

3.      The United States Government contributes funds to the Medicaid programs of the states of New York, New Jersey and Illinois which were in turn paid to the hospital Defendants in connection with their claims for Medicaid payments for the treatment of patients referred to them by Special Care.  As a result of this false and fraudulent conduct the United States Government was damaged.

### SECOND CAUSE OF ACTION
### (31 U.S.C.  §§ 3729(a)(1), (2) & (3))
### (All Defendants)

1.      Relator incorporates by reference paragraphs 1 through 42 of this Complaint, as if fully set forth herein.

2.      Defendants, in connection with submissions to the Medicaid programs in the states of New York, New Jersey and Illinois, made or caused to be made false statements of the medical condition of patients as suffering from alcohol related symptoms in order to qualify patients for Medicaid coverage of alcohol abuse treatment when such patients in fact were suffering from drug addiction related symptoms (a) knowingly presented, and caused to be

- 14 -

presented, to an officer and employee of the United States Government, false and fraudulent

claims for payment and approval; (b) knowingly made, used, and caused to be made and used,

false records and statements to get false and fraudulent claims paid and approved by the

Government; and (c) conspired to defraud the Government by getting false and fraudulent claims

allowed or paid, in that they caused the Hospital Defendants to submit false claims to the

Medicaid programs in New York, New Jersey and Illinois, and other Government funded health

insurance programs for the treatment of patients who had exhausted their eligibility for Medicaid

coverage of alcohol and substance abuse programs.  All in violation of 31 U.S.C. §§ 3729(a)(1),

(2) and (3).

3.      The United States, as a result of its contributions to the Medicaid

programs in New York, New Jersey and Illinois, made payment upon the foregoing false,

fictitious, or fraudulent claim and was therefore damaged.

### THIRD CAUSE OF ACTION
### (31 U.S.C. §§ 3729(a)(1), (2) & (3))
### (Defendants Special Care, Long Beach,
### St. Clare's, Brunswick and Parkway)

1.      Relator incorporates by reference paragraphs 1 through 42 of this

Complaint, as if fully set forth herein.

2.      Defendants Special Care, Long Beach, St. Clare's, Brunswick and

Parkway, in connection with the submission of false statements to the New York State Medicaid

program of medical eligibility to qualify patients who were otherwise not qualified for Medicaid

coverage of alcohol or substance abuse treatment (a) knowingly presented, and caused to be

presented, to an officer and employee of the United States Government, false and fraudulent

claims for payment and approval; (b) knowingly made, used, and caused to be made and used,

false records and statements to get false and fraudulent claims paid and approved by the Government; and (c) conspired to defraud the Government by getting false and fraudulent claims allowed or paid, in that they caused the hospital Defendants to submit claims for Medicaid reimbursement for the treatment of alcohol and/or substance abuse when the Hospital Defendants were not authorized to operate an in-patient drug detoxification program.  All in violation of 31 U.S.C. §§ 3729(a)(1), (2) and (3).

        3.      The United States, as a result of its contributions to the New York State Medicaid program, made payment upon the foregoing false, fictitious, or fraudulent claims and was therefore damaged.

### FOURTH CAUSE OF ACTION
### (31 U.S.C.  §§ 3729(a)(1), (2) & (3))
### (All Defendants)

        1.      Relator incorporates by reference paragraphs 1 through 42 of the Complaint, as if fully set forth herein.

        2.      Defendants in connection with claims for reimbursement by Medicaid and other Government funded health insurance programs for inpatient treatment for alcoholism and outpatient medical services for substance abuse to either obtain Medicaid reimbursement and/or obtain a higher rate of reimbursement (a) knowingly presented, and caused to be presented, to an officer and employee of the United States Government, false and fraudulent claims for payment and approval; (b) knowingly made, used, and caused to be made and used, false records and statements to get false and fraudulent claims paid and approved by the Government; and (c) conspired to defraud the Government by getting false and fraudulent claims allowed or paid, in that they caused the Hospital Defendants to improperly diagnose patients who were suffering

from both drug and alcohol abuse to be suffering from alcohol related symptoms.  All in violation of 31 U.S.C. §§ 3729(a)(1), (2) & (3).

       3.     The United States, as a result of its contributions to the Medicaid programs in New York, New Jersey and Illinois, made payment upon the foregoing false, fictitious, or fraudulent claims and was therefore damaged.

### FIFTH CAUSE OF ACTION
### (N.Y. State Finance Law §§ 189(1)(a), (b) & (c))
### (Special Care and N.Y. Hospital Defendants)

       1.     Relator incorporates by reference paragraphs 1 through 42 of this Complaint, as if fully set forth herein.

       2.     Special Care and the N.Y. Hospital Defendants, in connection with the payment of referral fees for patients to be admitted to the N.Y. Hospital Defendants' alcohol and substance abuse detoxification programs, beginning no later than 1999, to the date of this Complaint, have engaged in a continuous practice of:  (a) knowingly presenting, and causing to be presented, to an officer and/or agent of New York State, false and fraudulent claims for payment and approval; (b) knowingly making, using, and causing to be made and used, false records and statements to get false and fraudulent claims paid and approved by New York State; and (c) conspiring to defraud New York State by getting false and fraudulent claims allowed or paid, in that the N.Y. Hospital Defendants made claims to the New York Medicaid program for reimbursement for the treatment of patients referred to the N.Y. Hospital Defendants as a result of the disguised illegal payments.  All in violation of N.Y. State Finance Law §§ 189(1)(a), (b) & (c).

3.     New York State contributes funds to the New York Medicaid program which were in turn paid to the N.Y. Hospital Defendants in connection with their claims for Medicaid payments for the treatment of patients referred to them by Special Care.  As a result of this false and fraudulent conduct New York State was damaged.

### SIXTH CAUSE OF ACTION
### (N.Y. State Finance Law §§ 189(1)(a), (b) & (c))
### (Special Care and N.Y. Hospital Defendants)

1.     Relator incorporates by reference paragraphs 1 through 42 of this Complaint, as if fully set forth herein.

2.     Special Care and the N.Y. Hospital Defendants, in connection with submissions to the New York Medicaid program made or caused to be made false statements of the medical condition of patients as suffering from alcohol related symptoms in order to qualify patients for Medicaid coverage of alcohol abuse treatment when such patients in fact were suffering from drug addiction related symptoms (a) knowingly presented, and caused to be presented, to an officer and/or agent of New York State, false and fraudulent claims for payment and approval; (b) knowingly made, used, and caused to be made and used, false records and statements to get false and fraudulent claims paid and approved by New York State; and (c) conspired to defraud New York State by getting false and fraudulent claims allowed or paid, in that they caused the Hospital Defendants to submit false claims to the New York Medicaid program for the treatment of patients who had exhausted their eligibility for Medicaid coverage of alcohol and substance abuse programs.  All in violation of N.Y. State Finance Law §§ 189(1)(a), (b) & (c).

- 18 -

3.      New York State, as a result of its contributions to the New York Medicaid program, made payment upon the foregoing false, fictitious, or fraudulent claim and was therefore damaged.

### SEVENTH CAUSE OF ACTION
### (N.Y. State Finance Law §§ 189(1)(a), (b) & (c))
### (Defendants Special Care, Long Beach,
### St. Clare's, Brunswick and Parkway)

1.      Relator incorporates by reference paragraphs 1 through 42 of this Complaint, as if fully set forth herein.

2.      Defendants Special Care, Long Beach, St. Clare's, Brunswick and Parkway, in connection with the submission of false statements to the New York State Medicaid program of medical eligibility to qualify patients who were otherwise not qualified for Medicaid coverage of alcohol or substance abuse treatment (a) knowingly presented, and caused to be presented, to an officer and/or agent of New York State, false and fraudulent claims for payment and approval; (b) knowingly made, used, and caused to be made and used, false records and statements to get false and fraudulent claims paid and approved by the New York State; and (c) conspired to defraud New York State by getting false and fraudulent claims allowed or paid, in that they caused the Hospital Defendants to submit claims for Medicaid reimbursement for the treatment of alcohol and/or substance abuse when the Hospital Defendants were not authorized to operate an in-patient drug detoxification program. All in violation of N.Y. State Finance Law §§ 189(1)(a), (b) & (c).

3.      New York State, as a result of its contributions to the New York State Medicaid program, made payment upon the foregoing false, fictitious, or fraudulent claims and was therefore damaged.

- 19 -

## EIGHTH CAUSE OF ACTION
### (N.Y. State Finance Law §§ 189(1)(a), (b) & (c))
### (Special Care and N.Y. Hospital Defendants)

1.     Relator incorporates by reference paragraphs 1 through 42 of this Complaint, as if fully set forth herein.

2.     Special Care and the N.Y. Hospital Defendants in connection with claims for reimbursement by the New York State Medicaid program for inpatient treatment for alcoholism and outpatient medical services for substance abuse to either obtain Medicaid reimbursement and/or obtain a higher rate of reimbursement (a) knowingly presented, and caused to be presented, to an officer and/agent of New York State, false and fraudulent claims for payment and approval; (b) knowingly made, used, and caused to be made and used, false records and statements to get false and fraudulent claims paid and approved by New York State; and (c) conspired to defraud New York State by getting false and fraudulent claims allowed or paid, in that they caused the N.Y. Hospital Defendants to improperly diagnose patients who were suffering from both drug and alcohol abuse to be suffering from alcohol related symptoms.  All in violation of N.Y. State Finance Law §§ 189(1)(a), (b) & (c).

3.     New York State, as a result of its contributions to the New York Medicaid program, made payment upon the foregoing false, fictitious, or fraudulent claims and was therefore damaged.

### PRAYER FOR RELIEF

WHEREFORE, Relator, on behalf of himself individually, and acting on behalf, and in the name, of the Government of the United States and of New York State, respectively, demands and prays that judgment be entered against the Defendants as follows:

- 20 -

1.     That the Defendants shall be ordered to cease and desist from violating the False Claims Act, 31 U.S.C. §§ 3729-3732 and the New York False Claims Act, N.Y. State Finance Law §§ 189-194.

2.     On the First through Fourth Causes of Action under the False Claims Act, judgment shall be entered against Defendants in the amount of three times the amount of damages the United States has sustained because of Defendants' actions, plus a civil penalty of $11,000.00 for each act in violation of the False Claims Act, as provided by Section 3729(a), with interest. Single damages representing only the federal share of Medicaid payments are estimated to be no less than $9.7 million for patients admitted to Long Beach and $34 million for St. Clare's. Treble damages and penalties would be in addition to the foregoing single damages.

3.     That Relator shall be awarded the maximum amount available under Section 3730(d) of the False Claims Act for bringing this action, namely, 25 percent of the proceeds of the action or settlement of the claim if the Government intervenes in the matter (or pursues its claim through any alternate remedy available to the Government, Section 3730(c)(5)), or, alternatively, 30 percent of the proceeds of the action or settlement of the claim, if the Government declines to intervene.

4.     On the Fifth through Eighth Causes of Action under the New York False Claims Act, judgment shall be entered against Special Care and the N.Y. Hospital Defendants in the amount of three times the amount of damages New York State has sustained because of Defendants' actions, plus a civil penalty of $12,000.00 for each act in violation of the New York False Claims Act, as provided by N.Y. State Finance Law § 189(1)(i) & (ii), with interest. Single damages representing only the New York State share of Medicaid payments are estimated

to be no less than $9.7 million for patients admitted to Long Beach and $34 million for St. Clare's. Treble damages and penalties would be in addition to the foregoing single damages.

       5.      That Relator shall be awarded the maximum amount available under Section 190(6) of the New York False Claims Act for bringing this action, namely, 25 percent of the proceeds of the action or settlement of the claim if New York State intervenes in the matter (or pursues its claim through any alternate remedy available to New York State, N.Y. State Finance Law § 190(7)) or, alternatively, 30 percent of the proceeds of the action or settlement of the claim, if New York State declines to intervene.

       6.      That Relator shall be awarded all reasonable expenses that were necessarily incurred in prosecution of this action, plus all reasonable attorneys' fees and costs, as provided by 31 U.S.C. § 3730(d) and/or N.Y. State Finance Law § 189(3) and § 190(7).

       7.      And, such other relief shall be granted in the favor of the United States, New York State and the Relator as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Relator hereby

demands trial by jury.

Dated:    New York, New York
            June 26, 2007

                        Respectfully submitted,

                        MENZ BONNER & KOMAR LLP

By:        _David A. Koenigsberg, Esq._
                        (DK 7553)
                        Two Grand Central Tower
                        140 East 45th Street, 20th Floor
                        New York, New York  10017-7115
                        Tel.: (212) 223-2100

                        NATHANS  & BIDDLE, LLP
                        Robert W. Biddle, Esq.
                        120 E. Baltimore Street, Suite 1800
                        Baltimore, Maryland   21202
                        Tel.: (410) 783-0272

                        _Attorneys for Relator Mathew I. Gelfand, M.D._

- 23 -

## CERTIFICATE OF SERVICE

I certify that on June 26, 2007, I caused to be sent by First Class United

States Mail, postage paid, copies of the Corrected Second Amended Complaint of

Relator-Plaintiff to

Richard K. Hayes, Esq.
Assistant United States Attorney
Eastern District of New York
147 Pierrepont Street
Brooklyn, NY 11201

*Attorney for the United States of America*

and to

Honorable Andrew M. Cuomo
Attorney General of the State of New York
c/o Managing Attorney
120 Broadway, 24th Floor
New York, New York 10271-0332

*Attorney for New York State*

David A. Koenigsberg, Esq.

Dated: July 3, 2007